UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANNETTE HALL and BYRON HALL,<br><br>                Plaintiffs,<br>  v.<br><br>OCWEN LOAN SERVICING, LLC; FREDDIE MAC MULTICLASS CERTIFICATES SERVICE 3071; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NORTHWEST TRUSTEE SERVICES, INC.; and JOHN DOES 1-5,<br><br>                Defendants. | Case No. 4:14-cv-00106-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss filed by all the defendants except Northwest Trustee Services Inc. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion conditionally, and dismiss this case against the moving defendants unless plaintiffs file a motion to amend their complaint within 14 days from the date of this decision. In addition, as explained more fully below, the Court will dismiss defendant Northwest Trustee Services Inc. unless plaintiffs can make a showing that Northwest should be maintained as a defendant in this case.

## BACKGROUND

The Halls are years behind on their house payments but allege that the defendants have no right to foreclose. They claim that the defendants split the deed of trust from the

promissory note and thus lost all right to collect the money they loaned to the Halls. Resolution of their claims requires examining their loan transaction.

On October 25, 2005, Byron and Annette Hall borrowed $220,410.00 from GMAC Bank to purchase a home in Rigby, Idaho, which is located in Jefferson County. The note was secured by a deed of trust, naming the Halls as the grantors, GMAC Bank as the lender, and Alliance Title as trustee. Additionally, the deed of trust named defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, acting solely as nominee for GMAC Bank.[1]

In the following years, several events occurred. First, MERS assigned the deed of trust to GMAC Mortgage, LLC. GMAC Mortgage appears to be distinct from GMAC Bank. Second, GMAC Mortgage substituted Northwest in place of Alliance Title as trustee. Third, GMAC Mortgage assigned the deed of trust to Ocwen. Finally, because the Halls had defaulted on their loan, Northwest began foreclosure proceedings on behalf of Ocwen.

The Halls responded by filing this lawsuit seeking to stop the foreclosure and have their promissory note and deed of trust declared invalid. The defendants have filed motions to dismiss under Rule 12(b)(6) alleging that the Halls have failed to state a cognizable claim because the foreclosure is proper as a matter of law.

---

[1] The Court grants defendants' request to take judicial notice of the public records they filed in support of their motion to dismiss. *See Fed. R. Evid.* 201. Because the Halls offer no specific reason to dispute the authenticity of these documents, and the documents are central to the Halls' complaint, it is proper to consider the documents at this stage of the proceedings. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The Court will discuss later the Halls' claims of falsification, but it is sufficient to note here that those claims were made in a single sentence without any specificity and without identifying any specific document that was falsified.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true legal conclusions that are couched as factual allegations. *Id.* Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for

relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## ANALYSIS

### Counts One & Three

Counts One and Three allege that the defendants slandered the Hall's title by recording documents falsely asserting they had an interest in the property. More specifically, they allege that the assignment of the deed of trust – first, from MERS to GMAC Mortgage and, second, from GMAC Mortgage to Ocwen – independently from the note split the deed of trust from the note and rendered the deed of trust a nullity. Thus, under the Halls' theory, when MERS recorded the assignment to GMAC Mortgage, and when GMAC Mortgage recorded the assignment to Ocwen, MERS and GMAC Mortgage slandered the Halls' title with false claims of right to the deed of trust.

These allegations are governed by Idaho law. *See In re Mortgage Electronic Registration Systems, Inc.,* 754 F.3d 772, 785 (9th Cir. 2014) (relying on state law to reject argument that splitting the deed of trust and note impaired the right to foreclose). The Idaho Supreme Court has held that MERS has the authority to assign a deed of trust, and record that assignment, even though it lacked an interest in the underlying note. *Edwards v. MERS,* 300 P.3d 43 (Id.Sup.Ct. 2013). The court has also held that "a trustee may initiate non-judicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note." *Trotter v. Bank of N.Y. Mellon*, 275 P.3d 857, 862

(Id.Sup.Ct 2012). Thus, the defendants could record their interest in the deed of trust and initiate non-judicial foreclosure proceedings without proving ownership of the note, and the Halls' allegations in Counts One and Three must be dismissed as a matter of law.

**Counts Two, Four & Five**

Counts two, four, and five proceed on the theory that the Consumer Credit Protection Act, specifically 15 U.S.C. § 1641(f), prohibits the servicer of a loan from being treated as the owner of the loan. The Halls argue that MERS, GMAC Mortgage, and Ocwen violated this prohibition when they respectively assigned the deed of trust. When the defendants recorded the respective assignments, they allegedly slandered the Halls' title.

Section 1641 provides generally for civil actions against "assignees" of mortgages. Section § 1641(f) states mortgage loan services will not be deemed "assignees" unless they are also owners of the obligation:

> (1) *In general*
> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.
> (2) *Servicer not treated as owner on basis of assignment for administrative convenience*
> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

There is nothing in these provisions that prohibits the servicer of a loan from also being the owner of the loan. To the contrary, the statute expressly contemplates the idea that the servicer and the owner can be the same entity. *See id.* ("unless the servicer is or was the owner of the obligation."). The Ninth Circuit interpreted this language – and § 1641 generally – to impose duties not on the original creditor but only on assignees, explaining further that a servicer who is also an owner of the obligation will be treated as an assignee unless the servicer is merely a "nominal" assignee. *Gale v. First Franklin Loan Services,* 701 F.3d 1240, 1244-46 (9th Cir. 2012). The assumption in both *Gale* and § 1641(f) is that servicers can also be owners of the obligation. Thus, the Halls' claims in Counts Two, Four, and Five – all based on a theory that servicers cannot be owners under § 1641 – must be dismissed as a matter of law.

**Leave to Amend**

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint could not be saved by any amendment. *AE ex rel. Hernandez v. Cnty. of Tulare,* 666 F.3d 631, 636 (9th Cir. 2012). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims."

*Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007).

The Halls' counsel, Aaron Tolson, alleges in his briefing, that "documents were purportedly altered and other irregularities or worse occurred with this mortgage." *See Response Brief (Dkt. No. 11)* at p. 8. These are serious charges made by an officer of the Court. The Court therefore assumes that Tolson has facts and *specific* allegations to back up those charges. While he failed to include them in his original complaint – an odd omission given the importance of such claims – the Circuit nevertheless directs this Court to generally give plaintiffs at least one chance to amend, as discussed above. And allegations of falsification of mortgage documents – if made with the requisite specificity – have been held sufficient to overcome a Rule 12(b)(6) dismissal. *See In re Mortgage,* 754 F.3d at 783-84. In that case, the debtors alleged that (1) they did not sign the documents purportedly obligating them on the debt at issue, and (2) repeated signatures of a certain individual varied so much that it raised suspicions whether that individual actually was the signatory for each signature. *Id.* That case will dictate the level of specificity necessary in this case.

**Conclusion**

The complaint as it now stands is subject to dismissal under Rule 12(b)(6). However, the Court will give plaintiff 14 days from the date of this decision to file a motion to amend the complaint to address the deficiencies identified in this decision. If

no such motion is filed by the deadline, the Court will dismiss this case. If the motion to amend is filed, the Court will await full briefing and then resolve the motion.

The Court notes further that the motion to dismiss was made by all defendants except Northwest Trustee Services Inc. There is no indication in the record that they have been served, and the 120-day deadline for service has long passed. It appears that they should be dismissed as a defendant, and the Court will do so unless the plaintiffs show some reason to maintain them in this case.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 10) is RESERVED as set forth above.

IT IS FURTHER ORDERED, that the motion to dismiss shall be granted if plaintiffs fail to file a motion to amend their complaint within 14 days from the date of this decision. If such a motion is filed, the Court will await full briefing before resolving the motion.

IT IS FURTHER ORDERED, that the plaintiffs shall show cause within 14 days from the date of this decision why defendant Northwest Trustee Services Inc. should not be dismissed for failure to serve within the 120-day deadline.



DATED: November 7, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 9**