UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANNETTE HALL and BYRON HALL,<br><br>               Plaintiffs,<br>  v.<br><br>OCWEN LOAN SERVICING, LLC; FREDDIE MAC MULTICLASS CERTIFICATES SERVICE 3071; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NORTHWEST TRUSTEE SERVICES, INC.; and JOHN DOES 1-5,<br><br>               Defendants. | Case No. 4:14-cv-00106-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it a motion to amend filed by plaintiffs – Byron and Annette Hall – and a motion to dismiss filed by defendants that the Court previously reserved ruling upon, giving plaintiffs an opportunity to amend their complaint. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny the motion to amend and grant the motion to dismiss.

## LITIGATION BACKGROUND

The Halls are years behind on their house payments but allege that they are not in default because of irregularities in the manner in which their deed of trust and promissory note were handled by defendants. They claim that the defendants split the deed of trust

MEMORANDUM DECISION - 1

from the promissory note and thus lost all right to collect the money they loaned to the Halls.

When the defendants began foreclosure proceedings, the Halls filed this lawsuit seeking to stop the foreclosure and have their promissory note and deed of trust declared invalid. The defendants filed motions to dismiss under Rule 12(b)(6) alleging that the Halls failed to state a cognizable claim because the foreclosure is proper as a matter of law.

The Court issued a decision holding that although the Halls' claims were subject to dismissal as pled, the Court would give them an opportunity to amend their complaint. *See Memorandum Decision (Dkt. No. 13).* Specifically, the Court offered the Halls an opportunity to plead more specifically their vague claims that mortgage documents had been altered or forged:

> The Halls' counsel, Aaron Tolson, alleges in his briefing, that "documents were purportedly altered and other irregularities or worse occurred with this mortgage." *See Response Brief (Dkt. No. 11)* at p. 8. These are serious charges made by an officer of the Court. The Court therefore assumes that Tolson has facts and *specific* allegations to back up those charges. While he failed to include them in his original complaint – an odd omission given the importance of such claims – the Circuit nevertheless directs this Court to generally give plaintiffs at least one chance to amend, as discussed above. And allegations of falsification of mortgage documents – if made with the requisite specificity – have been held sufficient to overcome a Rule 12(b)(6) dismissal. *See In re Mortgage,* 754 F.3d at 783-84. In that case, the debtors alleged that (1) they did not sign the documents purportedly obligating them on the debt at issue, and (2) repeated signatures of a certain individual varied so much that it raised suspicions whether that individual actually was the signatory for each signature. *Id.* That case will dictate the level of specificity necessary in this case.

*Id*. at p. 7 (emphasis in original).

# ANALYSIS

The Halls responded to the Court's decision by filing the motion to amend that is now before the Court. The motion was not accompanied by a proposed amended complaint but rather by a brief with 11 attachments. The brief does not set forth any amended claims, but rather asks the Court to review the 11 attachments: "If the court does not believe in its legal analysis that the attached information creates material issues of fact and that the legal work done by the mortgage processing industry behind this case was deficient, they [the Halls] don't have anything further to do in this case, and would accept the dismissal." *See Brief (Dkt. No. 14)* at p. 2. The 11 attachments include an unsigned document entitled "Facts of Evidence for Bryon Hall and Annette Hall Mortgage Loan from 2005-2013," along with various mortgage documents and letters.

Plaintiffs are represented by counsel. Counsel understands that the Court is not a regulatory agency charged with monitoring the mortgage industry. Instead, the Court resolves claims that are pled in a complaint. To resolve a motion to amend a complaint, the Court needs a proposed amended complaint. The Court's Local Rule 15.1 requires that "[t]he proposed amended pleading must be submitted at the time of filing a motion to amend." No such proposed amended pleading was filed by plaintiffs. The Court's earlier decision identified the flaws in the original complaint, and the Court can find nothing in the materials submitted indicating that those flaws have been cured. Consequently, the

motion to amend must be denied, and the motion to dismiss must be granted. The Court will enter a separate Judgment as required by Rule 58(a).[1]

DATED: February 6, 2015

B. Lynn Winmill
Chief Judge
United States District Court

---

[1] There is a pending motion for Temporary Restraining Order (docket no. 3) that was rendered moot by a Stipulation entered into by the parties and approved by the Court.

**MEMORANDUM DECISION - 4**